(ORIGINAL)

**COMPLAINT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ELLEN SCHORKOPF,

       Plaintiff,

  -against-

UNITED FEDERATION OF TEACHERS,
STATEN ISLAND OFFICE
       Defendant.
------------------------------------x

CV 02 6182

COMPLAINT
PLAINTIFF DEMANDS TRIAL BY JURY

RECEIVED
NOV 2 2 2002
PRO SE OFFICE

ROSS,

BLOOM, M.J.

1. At all times hereinafter mentioned, plaintiff was and still is a resident of 299 St. John Avenue, Staten Island, NY 10314.

2. Defendant, United Federation of Teachers, is a union under the laws of New York State and having a main office at 260 Park Avenue South, New York, NY 10010, and is licensed to do business in New York.

3. The jurisdiction of this court is invoked pursuant to 28 USC ss. 1331 Breech of Fair Representation under Federal Common Law.

4. The union has a duty of Fair Representation to the members in defense of contractual rights. The union failed to properly defend plaintiff in grievance procedures from 1997 through 2000. Plaintiff was given inaccurate and damaging information which caused some grievances to go undefended. The union failed to properly advise plaintiff of rights and actions to be taken to protect those rights. Union failed to defend Plaintiff who was targeted by administration, harassed and subjected to unfair business practices by the administration, although assistance and help was requested on many occasions by the plaintiff both verbally and in writing to Randi Weingarten, President, UFT; Carol Keefe Borough Representative, UFT; Pat Telascek, District 31 Representative, UFT. Union failed to adequately defend Step II grievances in the person of Patricia Telascek, who was unprepared, unconcerned and ineffective in her role as District Representative for District 31. Union failed to proceed through to arbitration in a timely manner prior to Districts filing of 3020a charges against plaintiff. Plaintiff requested assistance of the union through the Peer Intervention Program which is contractually confidential. Union failed to maintain and protect that confidentiality when Claire Cohen, administrator of the Program gave confidential and inaccurate information about plaintiffs application to the administration in the person of AP Iacono, PS 22, Richmond. This breech of confidentiality resulted in further harm to plaintiff when AP Iacono received this information he chose to subject plaintiff to a second unannounced observation which he rated 'u'. Plaintiff was instructed by Linda Schrader, Chapter Chairperson, PS 22, Staten Island to grieve unannounced observations under article 21a of the contract. This information was provided to Mrs. Schrader by Carol Keefe and Pat Telascek, both of Staten Island UFT. This information was inaccurate and prevented the grievance from proceeding to arbitration. Based upon these two improperly grieved documents plaintiff was given an unsatisfactory rating in 1997-1998.

In 1998-1999 Plaintiff received Peer Intervention with mentor Gail Seiden, UFT. She received an 's' rating for that year.

Union failed in its duty of fair representation in 1999-2000 when plaintiff was assaulted twice by the same student. Administration failed to follow contractual obligations in dealing with situation and Union failed to follow-through or inform plaintiff of the proper steps to insure adherence to the contract. Administration accepted plaintiff into performance review program which protects plaintiff from formal observations. Administration proceeded to subject plaintiff to four unannounced 'informal' observation which were memorialized--thus becoming formal

observations. Union failed to defend plaintiff in these contractually disallowed formal observations and did not proceed in a timely way to arbitration. This failure allowed these ratings to stand and resulted in an unsatisfactory rating for the year. Union failed to proceed with charges against the administration of harassment under article 23 and unfair business practices although plaintiff repeatedly asked in both writing and verbally for these charges to be filed and had documentation of same. Union failed to properly defend against administrations repeated filings of inaccurate and unfair safety violations against plaintiff. Union in the person of Mrs. Telascek was present for a 'post-observation' conference with plaintiff and a supervising principal. Union failed to adequately defend plaintiff and instructed plaintiff to sign an observation report of an unannounced observation which had been delivered to plaintiff two weeks prior to the post observation conference in which that observation was to have been discussed. Plaintiff requested assistance from union. None was forthcoming. Grievances were sustained and arbitration was not scheduled in a timely manner. Plaintiff wrote to union president, Randi Weingarten, Howard Solomon, union VP, Howard Block, Grievance Dept, Howard Golub, and others asking for help. Borough Representative Carol Keefe stated 'you shouldn't have done that, you'll be sorry.'

In 2000-2001 District 31, Christy Cugini, District Superintendent requested and received a 3020a filing for incompetence against Plaintiff. Prior to this approval Plaintiff again contacted the Staten Island Union for assistance. Mr. James Tabert instructed plaintiff to write up something which he would forward to Lawrence D'Adona, UFT for action. When Plaintiff called Mr. D'Adona, plaintiff was informed that this filing should wait until 3020a proceeding was complete. Had the Union proceeded with filing when originally requested in April 2000, the actions of the Administration would have been precluded. By delaying filing union put plaintiff in a difficult and undefended position.

Mr. Tabert of the union informed plaintiff that plaintiff would have to choose a single or panel of arbitrators. When asked for information regarding ramifications of choice plaintiff was informed that it didn't matter and told to call Sheri Boxer at NYSUT. Ms. Boxer also failed to provide information regarding ramifications of choice and insisted that plaintiff make the choice uninformed. Had plaintiff been aware of her rights, choices and ramifications of same her actions might have been different.

When NYSUT assigned counsel, James Sandner, General Counsel NYSUT, Christopher Callagy, as counsel to plaintiff, plaintiff was instructed to respond to charges as written in writing and denied opportunity to discuss same with Mr. Callagy until this document was completed. At this time plaintiff firmly requested change of counsel repeatedly to NYSUT and the Carol Keefe, UFT Borough Representative. Mrs. Keefe insisted that NYSUT was the best defense.

Mr. Callagy refused to respond to telephone contact, refused to meet with plaintiff or regard plaintiffs wishes regarding attendance at pre-hearing conferences scheduled, and rescheduled due to weather forecasts for telephone. Mr. Callagy failed to inform Plaintiff of the results of telephone conference. Mr. Callagy when finally agreeing to meet with plaintiff declined to received documentary support of case. Mr. Callagy refused to discuss defense and limited meetings in length and frequency, denying plaintiff proper representation.

When the hearing commenced in October 2001, Mr. Callagy failed to offer an opening statement. He said he could do that later. He failed to adequately question witnesses. Mr. Callagy failed to properly prepare witnesses and plaintiff for the hearing. Mr. Callagy failed to allow sufficient time to examine witnesses including plaintiff. Mr. Callagy failed to present necessary documents into evidence and did not illustrate the inaccuracy of witness statements and documents, although all of this information was in his hands and pointed out to him at the time. Mr. Callagy said he knew what he was doing and none of the evidence mattered. In closing arguments Mr. Callagy presented a single theory whereas in fact there was substantial documentation undisputed and documents available to him.

The union should have been vocal and prepared in defense of Plaintiff. Requests to file harassment and unfair business practices should have been handled expeditiously. Information provided by the union regarding contract violations should have been accurate. Plaintiff calls and letters to the union should have been answered or acknowledged. The grievances filed by plaintiff should have proceeded to arbitration prior to filing of 3020a

procedures was possible. The NYSUT attorney should have been prepared to defend. Plaintiff requests for change of counsel should have been acted upon. None of these things happened and the Plaintiff has been harmed.

5. WHEREFORE, plaintiff demands:

    Money damages in the amount of Five million dollars.

    Permanent Injunction against the defendant from performing certain acts in the future.

    Any further relief which the court may deem appropriate.

                                       Ellen Schorkopf
                                       299 St. John Avenue
                                       Staten Island, NY 10314
                                       (718)727-7440

DATE 11/22/02